IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR78 |
| v. | |
| CARNEY TURNER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Carney Turner's ("Turner") *pro se* request for a five-month extension of time in which to file a motion under 28 U.S.C. § 2255 (Filing No. 303). As grounds, Turner states he was transferred within the federal Bureau of Prisons and the materials he has been using to prepare a § 2255 motion have gone missing. Turner also requests a "2255 habeas corpus packet."

The Court is not in a position to grant Turner's requested extension at this time. To start, although the Eighth Circuit has not yet weighed in on the issue, *see United States v. Jackson*, 25 F.4th 604, 606 (8th Cir. 2022), the Court agrees with the majority of circuit courts that have concluded district courts do not have jurisdiction to extend the time to file a § 2255 motion unless "the moving party requests the extension upon or after filing an actual" § 2255 motion, *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *see also* U.S. Const. art. III, § 2, cl. 1 (requiring an actual case or controversy); *United States v. Asakevich*, 810 F.3d 418, 419, 421 (6th Cir. 2016) (listing cases and concluding "a federal prisoner [cannot] ask a court to grant him an extension of time to file a 28 U.S.C. § 2255 motion before he has filed the § 2255 motion"). *But see United States v. Thomas*, 713 F.3d 165, 169, 173-74 (3d Cir. 2013) ("[U]nder § 2255, a motion for an extension of time can be decided prior to a formal request for relief because the underlying prosecution satisfies Article III's case or controversy requirement.").

To be sure, if a defendant includes sufficient allegations of potential grounds for substantive relief in his motion to extend the time, the Court will construe the motion as one for relief under § 2255. *See Asakevich*, 810 F.3d at 424; *Green*, 260 F.3d at 83 ("Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under [*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)], to treat that motion as a substantive motion for relief under section 2255."). But Turner has not really done that here. Beyond one passing reference to "habeas/ineffective assistance claims," Turner does not state his proposed grounds for relief. His request also gives every indication that his actual § 2255 motion is forthcoming.

What's more, Turner's motion is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996). Under AEDPA, a prisoner generally must file a § 2255 motion within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Turner's petition for a writ of certiorari to the Supreme Court of the United States was denied October 7, 2024 (Filing No. 302). *See Turner v. United States*, 145 S. Ct. 216 (2024). Under § 2255(f)(1), he generally would have one year from that

date to file a § 2255 motion. *See Wright v. Norris*, 299 F.3d 926, 927 (8th Cir. 2002) (explaining "filing deadlines fall on the anniversary date of the triggering event"). Though Turner's ultimate concern about timeliness is prudent, it is not a pressing issue at this point.

"If or when [Turner] actually files a § 2255 petition," the Court will evaluate whether his motion is timely, *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000), and, if necessary, whether any other issues might impact that question, *see also Odie v. United States*, 42 F.4th 940, 945 (8th Cir. 2022) ("Equitable tolling may be applied to [§ 2255's] one-year statute of limitations."). Before that, however, this Court lacks jurisdiction to grant the requested relief in these circumstances. *See Leon*, 203 F.3d at 164.

In light of the foregoing,

IT IS ORDERED:

1. Defendant Carney Turner's request for a five-month extension to file a motion under 28 U.S.C. § 2255 (Filing No. 303) is denied without prejudice.
2. The Clerk of Court is directed to mail Turner a copy of the form for filing a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.

Dated this 14th day of April 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge