IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CARNEY TURNER,<br><br>　　　　　　Defendant. | 8:21CR78<br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on defendant Carney Turner's ("Turner") second *pro se* request for a five-month extension of time in which to file a motion under 28 U.S.C. § 2255 (Filing No. 305). He explains he has "encountered numerous impediments that hinder [his] ability to properly submit the § 2255 motion by the deadline of October 7th, 2025," which is the date he has determined such a motion is due under § 2255(f).

　　　　The Court denied (Filing No. 304) Turner's first motion to extend (Filing No. 303), which was based on the same grounds, after determining the Court lacks jurisdiction to extend the time to file a § 2255 motion unless and until "the moving party requests the extension upon or after filing an actual" § 2255 motion. *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *see also* U.S. Const. art. III, § 2, cl. 1 (requiring an actual case or controversy); *United States v. Asakevich*, 810 F.3d 418, 419, 421 (6th Cir. 2016) (listing cases and concluding "a federal prisoner [cannot] ask a court to grant him an extension of time to file a 28 U.S.C. § 2255 motion before he has filed the § 2255 motion"). The Court further found that Turner had not provided "sufficient allegations of potential grounds for substantive relief in his motion to extend the time" for the Court to "construe the motion as one for relief under § 2255." (Citing *Asakevich*, 810 F.3d at 424; *Green*, 260 F.3d at 83 ("Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is

empowered, and in some instances may be required, under [*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)], to treat that motion as a substantive motion for relief under section 2255.").

The Court's view of those pivotal issues has not changed. As such, the Court still lacks jurisdiction to grant Turner's requested relief under the circumstances of this case. *See Leon*, 203 F.3d at 164. And Turner's second motion to extend must be denied for the same reasons as his first.

IT IS THEREFORE ORDERED:

1. Defendant Carney Turner's second request for a five-month extension to file a motion under 28 U.S.C. § 2255 (Filing No. 305) is denied without prejudice.

2. The Clerk of Court is again directed to mail Turner a copy of the form for filing a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody as well as a copy of this Memorandum and Order and the Court's April 14, 2025, Memorandum and Order (Filing No. 304).

Dated this 5th day of August 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge