IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:21CR78** |
| v. | |
| CARNEY TURNER, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Carney Turner's ("Turner") *pro se* Motion to Amend (Filing No. 320).

On May 25, 2022, Turner pleaded guilty to one count of conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c); three counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a); and two counts of enticement of a minor, in violation of 18 U.S.C. § 2422(b).  The Court sentenced Turner to concurrent life terms on each count.

He appealed "his convictions for conspiracy and sex trafficking of a minor, arguing that the superseding indictment failed to state any offense under 18 U.S.C. § 1591(a)."  *United States v. Turner*, 94 F.4th 739, 741 (8th Cir.), *cert. denied*, 145 S. Ct. 216 (2024).  He further challenged the Court's application of the United States Sentencing Guidelines and argued his life sentence was substantively unreasonable.  *See id.* at 744-46.  The Eighth Circuit Court of Appeals affirmed.  *See id.* at 746.

Turner now seeks post-conviction relief under 28 U.S.C. § 2255 (Filing No. 310). In the months leading up to the deadline for filing his § 2255 motion, Turner repeatedly sought more time (Filing Nos. 303, 305, 308).  The Court denied each request (Filing Nos. 304, 306, 309), explaining this Court did "not have jurisdiction to grant his request for an extension of time because he ha[d] not actually filed a § 2255 motion."  *United*

*States v. Turner*, No. 8:21CR78, 2025 WL 2615055, at *1 (D. Neb. Sept. 10, 2025) (citations omitted).

Turner timely filed his motion on October 7, 2025. 28 U.S.C. § 2255(f). He now seeks leave to amend each of his four original grounds for relief. The Court will consider his proposed amendments only so far as they arise out of a "common core of operative facts." *Mayle v. Feliz*, 545 U.S. 644, 659 (2005). The Court has reviewed the amendments proposed by Turner. He first seeks to amend "Ground One" to add:

Ineffective Assistance of counsel

(a)   Failure to inform the Pro Se Petitioner of the Nature of Causation.

(b)   Coercion and Fraudulent inducement in to plea contract and/or "open plea."

(c)   Patently unreasonable representation.

It does not appear that the proposed amendments (b) and (c) materially change the first ground for relief and will therefore be considered as part of Ground One. Any other proposed amendments to Ground One are untimely.

In his proposed amendments to Grounds Two, Three and Four, Turner seeks to add new and completely different arguments from those raised in the initial motion. For example, in Ground Two, he raises the following:

(a)   Lack of Territorial Jurisdiction.

(b)   Defective Warrant Affidavit.

(c)   No transaction of business over the internet.

Those amendments do not relate to the original Ground Two or any portion of the original motion. The proposed amendments are untimely and will not be allowed.[1]

---

[1]Even if they were proper amendments, those should have been raised in Turner's appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (explaining "a collateral challenge may not do service for an appeal").

With regard to the proposed Ground Three amendment, Turner simply seeks to add that the judgment was void because the Court had "lack of subject matter jurisdiction." That proposed amendment is also denied.

Finally with regard to his proposed amendment of Ground Four, Turner seeks to add the following:

Violation of the detention Act

(a)    The Trafficking Victims Protection Act is a matter of International Law (see Title 22: Foreign Relations & Intercourse, Chapter 78). Petitioner's underlying criminal conduct raises questions of domestic law (wholly), Federal employment of the Trafficking Victims Protection Act herein encroaches upon the state sovereignty & police power reserved to the States. (See Federalism).

This proposed amendment, apart from being rambling and unclear, is unrelated to any of the original grounds for relief raised by Turner and is therefore rejected as untimely.[2]

For the foregoing reasons, Turner's Motion to Amend (Filing No. 320) is granted in part and denied in part.

The government's response to Turner's § 2255 motion is due today. In light of Turner's motion and this Memorandum and Order, the Court will extend the deadline for the government to respond to March 11, 2026. No further extensions will be granted.

IT IS SO ORDERED.

---

[2]Again, this seeming challenge to the law and its application are subjects that should have been raised on appeal.

3

Dated this 23rd day of February 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge