IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARNEY TURNER,<br><br>Defendant. | **8:21CR78**<br><br>**MEMORANDUM**<br>**AND ORDER** |

On May 25, 2022, defendant Carney Turner ("Turner") pleaded guilty without a written plea agreement to one count of conspiring to sex traffic a minor, in violation of 18 U.S.C. § 1594(c); three counts of sex trafficking a minor, in violation of 18 U.S.C. § 1591(a); and two counts of enticing a minor, in violation of 18 U.S.C. § 2422(b). At that time, Turner was 42 years-old, had some college experience, and an extensive criminal record.

Before accepting Turner's plea, the Court engaged him in an extensive plea colloquy about a wide range of pertinent topics, including the performance of his appointed counsel, then-Assistant Federal Public Defender Richard H. McWilliams ("McWilliams"),[1] the charges against him, the punishment he faced, the government's considerable burden of proof at trial, the important rights he was giving up by pleading guilty, the United States Sentencing Guidelines ("Guidelines"), and the Court's discretion at sentencing.

With all that in mind, Turner "willingly, voluntarily, and knowingly" waived many of his constitutional rights and pleaded guilty. He assured the Court that no one made any promises or forced him to plead guilty. He swore he pleaded guilty because he was guilty.

---

[1]McWilliams is now the Federal Public Defender for the District of Nebraska.

On November 8, 2022, the Court held Turner's sentencing hearing. Before the hearing, McWilliams objected to key parts of Turner's revised presentence investigation report and prepared an impassioned sentencing memorandum, attempting to explain Turner's criminal activity and reduce his carceral sentence. McWilliams and the government both offered evidence and zealously presented their arguments. The Court also heard from Turner's three minor victims—one of whom graciously asked for mercy for Turner.

During his allocution, Turner stated he needed "to take full accountability for everything" he did. Apologizing for his selfishness, he testified "it didn't really matter" if his minor victims had lied to him "about their age or [told] the truth about their age." He acknowledged his "heinous acts," vowed "to take the punishment like a man," and asked his victims to "understand that [he is] sorry from the bottom of [his] heart . . . for the pain, the turmoil, the memories, the sleepless nights," and any other harm he caused them.

In all, the hearing took more than three hours. After thoroughly considering the 18 U.S.C. § 3553(a) sentencing factors, the Court sentenced Turner to concurrent life terms on each count.

Turner appealed "his convictions for conspiracy and sex trafficking of a minor, arguing that the superseding indictment failed to state any offense under 18 U.S.C. § 1591(a)." *United States v. Turner*, 94 F.4th 739, 741 (8th Cir. 2024). The Eighth Circuit determined Turner waived that argument "by pleading guilty." *Id.* at 742.

It rejected on the merits Turner's various challenges to the Court's application of the Guidelines and concluded his life sentence was not substantively unreasonable. *See id.* at 744-46. According to the Eighth Circuit, this Court "'ha[d] a reasoned basis for'" not fully accepting McWilliams's "ably-presented arguments against a guidelines sentence." *Id.* at 746 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007) (alteration in original)).

Now before the Court is Turner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 310).  He asks the Court to vacate his conviction and guilty plea and set this case for trial.

Section 2255(a) authorizes federal prisoners like Turner to bring such a motion on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise susceptible to collateral attack."  To be cognizable under § 2255(a), the alleged violation must affect the prisoner's substantial rights or be "a fundamental defect which inherently results in a complete miscarriage of justice."  *Gray v. United States*, 833 F.3d 919, 923 (8th Cir. 2016) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Turner does not meet that standard.

With the benefit of hindsight, Turner primarily argues McWilliams provided bad legal advice about his guilty plea and the Guidelines.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (describing a criminal defendant's constitutional right to the effective assistance of counsel); *Sorensen v. United States*, 138 F.4th 1096, 1098 (8th Cir. 2025).  More specifically, Turner claims McWilliams (1) told him the Court "would not sentence [him] to life if he" pleaded guilty openly, (2) "promised . . . he would avoid being sentenced to life without advising [him] of his inability to challenge the defective indictment" after pleading guilty, (3) "failed to accurately explain the Desirability of Accepting" an earlier plea offer with respect to his placement within the Bureau of Prisons, and (4) failed to properly advise him of the impact of certain Guidelines enhancements.  In his view, that advice impacts the voluntariness of his plea.

Turner also criticizes what he calls "[t]he unconstitutional vague nature of the superseding indictment & how the enhancements are similar yet separated to excessively sentence those charged or found guilty of [18 U.S.C. §§] 1591(a) or 2422(b) crimes" and faults McWilliams for failing to argue that "the complicit nature in which minors can avoid any or all accountability causes a miscarriage of justice due to the fact that their bad acts

3

or deceit are ignored by Law Enforcement & the Government in order to pursue convictions."

To prove ineffective assistance of counsel, Turner must show "(1) his attorney's performance was deficient and outside the range of reasonable professional assistance and (2) he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Sharp v. United States*, 132 F.4th 1094, 1098 (8th Cir. 2025). "Demonstrating deficient performance requires showing 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687). In evaluating counsel's performance, "a court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

To establish prejudice in these circumstances, Turner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (noting "that requiring a showing of 'prejudice' from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel will serve the fundamental interest in the finality of guilty pleas"). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Court will ordinarily hold an evidentiary hearing to resolve any factual disputes raised in a § 2255 motion and to assess credibility when needed, but a hearing is unnecessary when, as here, "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they

are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Hudson v. United States*, 139 F.4th 1011, 1014 (8th Cir. 2025) (quoting *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995)). "No hearing is required" when a "'claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)).

The Court starts with Turner's absurd claim that he has suffered "a miscarriage of justice" because he has been punished for repeatedly sex trafficking minors while his victims have avoided "any or all accountability." The Court flatly rejects his assertion that minor victims are complicit in their sex trafficking and unfairly blame adults like Turner for their exploitation. His egotistical argument also entirely ignores the heart-wrenching testimony his victims provided at sentencing about how his actions had stolen their innocence and hurt them deeply. Apparently Turner's promise "to take full accountability" for his "heinous acts" and vow to take his "punishment like a man" only lasted as long as his sentencing hearing.

Any claim based on such a fallacious argument is facially inadequate, and McWilliams had the good sense not to raise it. *See id.*; *Strickland*, 466 U.S. at 689-91. Counsel is not ineffective for failing to make frivolous or meritless arguments. *See Thai v. Mapes*, 412 F.3d 970, 979 (8th Cir. 2005); *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991). The Court also sees no glaring unconstitutional vagueness or other defect in the superseding indictment, nor any deficiency in McWilliams's reasonable handling of that issue. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (concluding "vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255").

Turning to Turner's attack on McWilliams's advice about his guilty plea, the Court finds the bulk of Turner's post-sentencing version of events is directly at odds with his signed Petition to Enter a Plea of Guilty (Filing No. 139) and his sworn testimony at his

change-of-plea-hearing. To start, Turner stated he had no issues with McWilliams's representation of him. He explained that McWilliams reviewed the discovery in the case with him, discussed his petition to plead guilty, and answered all his questions. The Court notes McWilliams actively participated in Turner's plea colloquy to prevent him from admitting "to things that [were] outside the framework of the indictment as a whole." In other words, he kept Turner from saying more than he had to or more than he should.

Though Turner now claims McWilliams "promised" him a lighter sentence and specifically told him the Court "would not sentence [him] to life if he" pleaded guilty, at the hearing, he told a different story. Perhaps most importantly, he testified no one made any promises to get him to plead guilty or told him what sentence he would receive, let alone that he would not get life. He expressly acknowledged (1) that he faced a life sentence on each count, (2) that the Court could impose the same sentence as if he pleaded not guilty and had been convicted by a jury, and (3) that his sentence was up to the Court. He further acknowledged discussing the advisory Guidelines "in detail" with McWilliams and stated he understood that "numerous factors" could increase his sentence under the Guidelines.

Turner's knowing and voluntary guilty plea "is not invulnerable to collateral attack in a post conviction proceeding," but his sworn statements to the Court during his extensive plea colloquy "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Turner's current allegations fail to offset that "strong presumption of verity" or overcome that formidable barrier to relief under § 2255. *See id.* (explaining "a challenge based on an absence of voluntariness must state specific facts sufficient to overcome the presumption of verity which attached to the in court representations"); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir. 1979) (concluding some of the prisoner's allegations fell "within the category of conclusory allegations unsupported by specifics which may be dismissed summarily").

As for the Guidelines, Turner now contends McWilliams "failed to advise [him] of the proper base offense level & how [h]is plea of guilty would directly effect [sic] the likelihood of scoring a [sic] offense level of 43 & being sentenced to Life in Prison." He suggests he was unaware of "the enhancements that warranted life."

Even if the Court assumes McWilliams gave inaccurate information or insufficient advice regarding the Guidelines during his detailed discussions with Turner, the claim still fails. The Eighth Circuit has repeatedly held "that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). As noted, Turner knew he faced a life sentence, was warned about the impact of the advisory Guidelines, and understood his ultimate sentence—which could be life—was a matter of judicial discretion. *See Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (finding "it unnecessary to determine if [the defendant's] counsel performed in a deficient manner because we are satisfied that [he] suffered no actual prejudice from counsel's alleged errors").

In any event, to the extent Turner could show some deficiency in McWilliams's advice about the Guidelines or Turner's guilty plea, Turner has not convinced the Court that the outcome of his case would have been different if McWilliams had given better advice or pursued a different strategy. *See Strickland*, 466 U.S. at 691-92 (explaining "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution"); *cf. Engelen*, 68 F.3d at 241 (requiring "credible, non-conclusory evidence that [the defendant] would have pled guilty had he been properly advised"). "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington v. Richter*, 562 U.S. 86, 111 (2011). "*Strickland*'s prejudice

7

standard" requires a substantial "likelihood of a different result," not just a conceivable one. *Id.* at 112.

Because Turner doesn't meet that standard, his § 2255 motion must be denied. *See, e.g.*, *Strickland*, 466 U.S. at 691-92, 696 (requiring courts "making the prejudice inquiry [to] ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent" any errors); *Sorensen*, 138 F.4th at 1099-100.

That leaves just one question—whether to grant Turner a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (requiring a certificate of appealability before an appeal can be taken); Fed. R. App. P. 22(b)(1) (same). To obtain one, Turner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made that showing.

In light of the foregoing,

IT IS ORDERED:

1.  Defendant Carney Turner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 310) is denied.

2.  No certificate of appealability will issue.

3.  A separate judgment will be entered.

4.  The Clerk of Court is directed to mail a copy of this Memorandum and Order and the Judgment to Carney Turner at his address of record within the Bureau of Prisons.

Dated this 13th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

8